IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PAUL WRIGHT,**

    **Plaintiff,**

    v.                        **CASE NO.  20-3089-SAC**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, to Transfer Case to More Convenient Forum (ECF No. 12) and Plaintiff's Motion to Transfer Case to Proper Venue (ECF No. 19).  For the reasons discussed below, the Court grants the parties' motions and transfers this case to the Eastern District of Kentucky.  Also pending are a Motion for Extension of Time to File Answer or Other Responsive Pleading (ECF No. 14), which is granted, and a Motion for Order to Show Cause why Plaintiff's case should not be dismissed for lack of prosecution (ECF No. 17), which is denied.

This is a Federal Tort Claims Act (FTCA) case in which the plaintiff alleges that Bureau of Prisons (BOP) medical personnel at USP-McCreary in Pine Knot, Kentucky, failed to properly care for his right ankle wound.  Under the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  A person is deemed to reside in the judicial district where that person is domiciled.  28 U.S.C. § 1391(c).  "A prisoner's residence is the district of his domicile before his incarceration."  *Turner v. Kelley*, 411 F. Supp. 1331, 1332 (D. Kan. 1976); *see also United States v. Persaud*, No. 07-10180-03, 2010 WL 1816640, at *2 (D. Kan. May 6, 2010).

Mr. Wright's domicile appears to be Kansas City, Missouri. He lived in Kansas City prior to his incarceration and was sentenced in Kansas City. He returned to Kansas City upon release, after briefly being housed by the BOP in Kansas. *See* Ex. A to Defendant's Memorandum in Support, ECF No. 13-1. Therefore, the judicial district where Plaintiff resides for purposes of venue is the Western District of Missouri and the judicial district where the act or omission complained of occurred is the Eastern District of Kentucky. Venue is not proper in the District of Kansas, as the parties agree.

Moreover, both parties ask the Court to transfer the case to the Eastern District of Kentucky. For that reason, as well as for reasons of convenience and because the case will involve the application of Kentucky law, the Court agrees and orders the case transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).

Defendant has also filed a motion (ECF No. 14) asking that its responsive pleading be due 21 days after the Court rules on its Motion to Dismiss for Improper Venue, or in the alternative, to Transfer Case to More Convenient Forum (ECF No. 12), in the event the Court does not dismiss the case. Because the Court finds the case should be transferred, Defendant's motion for extension is granted. Defendant's responsive pleading is due 21 days from the date of this order.

Finally, Defendant filed a motion (ECF No. 17) on June 30, 2021, asking the Court to order Plaintiff to show cause why the case should not be dismissed for lack of prosecution. Because Plaintiff subsequently responded to Defendant's motions, providing an explanation for the delay, the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss for Improper Venue, or in the alternative, to Transfer Case to More Convenient Forum

(ECF No. 12) and Plaintiff's Motion to Transfer Case to Proper Venue (ECF No. 19) are **granted** to the extent the case is transferred to the Eastern District of Kentucky**.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Answer or Other Responsive Pleading (ECF No. 14) is **granted**.  Defendant's responsive pleading is due 21 days from the date of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order to Show Cause why Plaintiff's case should not be dismissed for lack of prosecution (ECF No. 17) is **denied**.

**IT IS SO ORDERED**.

**Dated on this 19th day of July, 2021, in Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**