UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:21-CV-00121-WOB-EBA

PAUL WRIGHT,                                                                                           PLAINTIFF,

V.                          **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,                                                            DEFENDANT.

*** *** *** ***

Plaintiff Paul Wright, while incarcerated and proceeding *pro se*, initiated this action pursuant to the Federal Tort Claims Act in the District of Kansas on March 24, 2020. [R. 1]. He alleges that Bureau of Prisons ("BOP") medical personnel at USP-McCreary in Pine Knot, Kentucky, failed to properly tend to a wound to his right ankle. [R. 1]. The District of Kansas transferred the action to this Court, finding venue to be improper, on July 19, 2021. [R. 21].

Just as discovery was about to commence, Wright was released from prison and notified the Court of his new address, a transitional living center in Wichita, Kansas. [R. 37]. Wright notified the Court that he would reside at that address until November 9, 2021. However, that is the last filing the Court has received from Wright to date. Since the filing, one Court order was returned as undeliverable. [R. 43]. Further, The United States filed a notice informing the Court that its service copy of the pending Motion for Judgment on the Pleadings, [R. 40], was returned as undeliverable as well. [R. 42].

Under the Local Rules, all *pro se* litigants must notify the Court, in writing, of a change of mailing address. L.R. 5.3(e). The Rule requires the *pro se* litigant to notify the opposing party or opposing party's counsel of the change of address, as well. *Id.* Evidently, Wright has failed to

notify the Court or the United States of his current mailing address. Importantly, "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." *Id.* In addition to the Local Rule permitting dismissal for failure to update his address, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008); *See* Fed. R. Civ. Pro. 41. Further, the Sixth Circuit has stated,

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

Wright has not participated in this action in nearly 11 months. He has not filed a response to the United States' Motion for Judgment on the Pleadings, [R. 40], nor has he notified the Court of his new mailing address. The Court observes no attempt to comply with Local Rule 5(e), to apprise the Court of his whereabouts, to conduct discovery, or otherwise litigate this matter. Thus, the Court finds there is a "clear record of delay" by Wright. *Little*, 984 F.2d at 162. Accordingly, dismissal of this action is appropriate. Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Local Rule 5.3(e) and Fed. R. Civ. P. 41(b).

**IT IS FURTHER RECOMMENDED** that the motion of the United States for Judgment on the Pleadings or in the Alternative for Summary Judgment [R. 40] be **DENIED** without prejudice as **MOOT**.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed September 26, 2022.

Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**